UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

|                          |   |                                 |
|--------------------------|---|---------------------------------|
| CARL H. TEADT,           | ) |                                 |
|                          | ) |                                 |
| Plaintiff,               | ) | Case No. 1:14-cv-100            |
|                          | ) |                                 |
| v.                       | ) | Honorable Robert Holmes Bell   |
|                          | ) |                                 |
| COMMISSIONER OF          | ) |                                 |
| SOCIAL SECURITY,         | ) |                                 |
|                          | ) | **OPINION**                     |
| Defendant.               | ) |                                 |
| _____ | ) |                                 |

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On September 21, 2011, plaintiff filed his application for DIB benefits. (Page ID 227-28). He initially alleged a July 5, 2007, onset of disability. (Page ID 227). He later amended his claim to allege a July 22, 2010, onset of disability.[1] (Page ID 246). Plaintiff's claim for DIB benefits was denied on initial review. (Page ID 162-72). On March 7, 2013, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (Page ID 87-137). On May 17, 2013, the ALJ issued her decision finding that plaintiff was not disabled. (Op., Page ID 67-78). On December 13, 2013, the Appeals Council denied review (Page ID 27-29), and the ALJ's decision became the Commissioner's final decision.

---

[1]An ALJ's decision, dated July 21, 2010, denying plaintiff's earlier claim for DIB benefits barred any claim of an onset of disability before July 22, 2010. (*see* Page ID 142-51). Further, the ALJ found that through July 21, 2010, plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (Page ID 146).

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits.  He asks the court to overturn the Commissioner's decision on the following grounds:

1.      The ALJ committed reversible error by "wrongly relying upon the authority of *Dennard v Secretary of H.H.S.*, in denying Plaintiff's claim."

2.      The ALJ committed reversible error "by failing to consider later evidence in the case, and the post-hearing evidence should be considered in this case."

3.      The ALJ committed reversible error "by making improper findings regarding Plaintiff's credibility."

(Statement of Errors, Plf. Brief at 17, Dkt. 12, Page ID 1116).  The Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence

shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from July 22, 2010, through the date of the ALJ's decision. (Op. at 4, Page ID 70). Plaintiff had not engaged in substantial gainful activity on or after July 22, 2010. (*Id.*). Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, obesity, and status-post bilateral sub-acromial surgeries." (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 5, Page ID 71). The

ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he can stand and walk at intervals for a total of four hours of an eight-hour workday and sit for four hours of an eight-hour day. He can occasionally stoop, crouch, crawl, and climb stairs but cannot climb ladders, ropes, or scaffolds. He cannot perform overhead work with the upper extremities, walk on uneven surface, or work around unprotected heights or dangerous machinery. He should avoid concentrated exposure to odors, dust, gases, poor ventilation, and other pulmonary irritants. The claimant is further limited to understanding, remembering, and carrying out short, simple instructions.

(Op. at 6, Page ID 72). The ALJ generally found that the RFC finding in the decision dated July 21, 2010, denying plaintiff's earlier claim for DIB benefits was persuasive and accurately reflected plaintiff's limitations, but she added restrictions regarding exposure to pulmonary irritants. (*Id.* at 9, Page ID 75) (citing *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997)). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (Op. at 6-10, Page ID 72-76).

Plaintiff could not perform any past relevant work. (*Id.* at 10, Page ID 76). Plaintiff was 44-years-old as of the date of his amended alleged onset of disability and 47-years-old on the date of the ALJ's decision. Thus, at all times relevant to his claim for DIB benefits, plaintiff was classified as a younger individual. (*Id.* at 11, Page ID 77). Plaintiff has at least a high school education and is able to communicate in English. (*Id.*). The ALJ found that the transferability of jobs skills was not material to a determination of disability. (*Id.*). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, with his RFC, education, and work experience, the VE testified that there were approximately 13,600 jobs

in Michigan that the hypothetical person would be capable of performing. (Page ID 122-24). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (Op. at 11-12, Page ID 77-78).

## 1.

Plaintiff's arguments are based on evidence that he never presented to the ALJ. (Plf. Brief at 10-12, 16, 18-21, Page ID 1109-11, 1115, 1117-20; Reply Brief at 4, Page ID 1147). This is patently improper. It is well-established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

The last sentence of plaintiff's brief contains a passing request for alternative relief in the form of remand. (Plf. Brief at 22, Page ID 1121). His reply brief concludes with an identical request. (Reply Brief at 5, Page ID 1148). "A district court's authority to remand a case for further

administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006).   The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision.  *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009).  The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence-six remand is appropriate.  *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding.  *See Hollon*, 447 F.3d at 483; *see also Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010).  Courts "are not free to dispense with these statutory requirements."  *Hollon*, 447 F.3d at 486. There is no developed argument supporting plaintiff's request for remand under sentence six.  Issues raised in a perfunctory manner are deemed waived.  *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see also Moore v. Commissioner*, 573 F. App'x 540, 543 (6th Cir. 2014).  Plaintiff "develops no argument to support a remand, and thus the request is waived."  *Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014).

Even assuming that this issue had not been waived, plaintiff has not addressed, much less satisfied, his statutory burden for remanding this matter to the Commissioner for consideration of

new evidence under sentence six of 42 U.S.C. § 405(g).  A very small portion of the proffered evidence (Page ID 1065-68) is new because it was generated after the ALJ's decision.  *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision.  *See Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012).  The Sixth Circuit has taken a "harder line."  *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).  The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision.  *See Ferguson*, 628 F.3d at 276.  Plaintiff has not addressed, much less carried, his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion.  *See Ferguson*, 628 F.3d at 276.  Plaintiff has not addressed or carried his burden.

Plaintiff has not demonstrated that remand pursuant to sentence six of  42 U.S.C. § 405(g) is warranted.  Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff makes a related argument that the ALJ committed error by not considering "post-hearing evidence."  (Plf. Brief at 18, 21, Page ID 1117, 1120; Reply Brief at 2, Page ID 1145). The ALJ conducted plaintiff's hearing on March 7, 2013.  The ALJ agreed to keep the record open for two weeks to allow plaintiff's attorney to file a copy of plaintiff's workers' compensation redemption order and records of the x-ray and EMG test results from an examination conducted only two days before the hearing.  (Page ID 90-93).  The ALJ emphasized that she would not keep the record open indefinitely.  (Page ID 93).  The ALJ reiterated at the end of the hearing that the record

-7-

would only be kept open for two weeks to allow plaintiff's attorney to file the documents specified at the beginning of the hearing.  (Page ID 135-36; *see also* Page ID 328).

"The purpose of the hearing is to give the claimant an opportunity to present evidence.  Once concluded, ALJs have the option to reopen a hearing to receive new and material evidence, but are under no obligation to do so." *Willis v. Commissioner*, No. 10-cv-310, 2011 WL 4037032, at * 4 (S.D. Ill. Sept.12, 2011) (citation omitted); *accord McClesky v. Astrue*, 606 F.3d 351, 355 (7th Cir. 2010) ("The decision whether to reopen the hearing ... is discretionary.").  An ALJ does not abuse her discretion if she refuses to consider or fails to consider post-hearing evidence that is not accompanied by a request to reopen the hearing.  *See Hurt v. Astrue*, No. 1:10-cv-353, 2011 WL 3682770, at * 6 (S.D. Ohio  Aug. 23, 2011); *see also Hamilton v. Astrue*, No. 4:07-cv-117, 2008 WL 2705171, at * 7 (S.D. Ind. June 24, 2008) (Even if the ALJ received the records she "was not bound to include them in her decision" because "[t]he records were submitted after the hearing, and the ALJ had discretion to reject them."); *accord Morgan v. Colvin*, No. CIV-12-625, 2013 WL 1742645, at * 5 n. 11 (W .D. Okla. Apr. 1, 2013) ("Where, as here, Plaintiff was represented by counsel at the administrative hearing 'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored.'") (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)).

Plaintiff never filed a request with the ALJ to reopen the hearing.  *See* 20 C.F.R. §§ 404.944, 416.1444.  The error, if any, was the attorney's late submission of this evidence.  An ALJ does not abuse her discretion if she refuses to consider or fails to consider post-hearing evidence which is not accompanied by a request to reopen the hearing.  *See Davis-Gordy v. Commissioner*, No. 1:11-cv-243, 2013 WL 5442418, at *7 (W.D. Mich. Sept. 30, 2013).

-8-

Plaintiff states that the court "should be aware of Exhibit 15E, which is a letter Plaintiff's attorney wrote to the ALJ advising her that there was some new and significant medical testing occurring in this case." (Plf. Brief at 18, Page ID 1117). The attorney's letter (Page ID 330) does nothing to undermine the ALJ's decision. The letter is dated May 13, 2013, more than two *months* after plaintiff's hearing. It merely indicates that the ALJ "may wish to keep the record open" because plaintiff had tests scheduled for the following week and that the records generated from those tests would be available "very soon" after that. (*Id.*). Whatever persuasive value the May 2013 letter may have had is undermined by plaintiff's attorney's March 2013 letter advising the ALJ that all the records in the case had been filed and that the matter should be considered "ready for a decision."[2] (Page ID 329).

Plaintiff takes a slightly different approach in his reply brief. He argues: "Even though [the ALJ's] opinion lists the updated records from Dr. Krinock as Exhibit 55F, they are not discussed anywhere in her opinion." (Reply Brief at 2, Page ID 1145). Plaintiff's argument is based on a false premise – that the materials in Exhibit 55F were properly before the ALJ. Exhibit 55F is never mentioned in the ALJ's opinion because the evidence was not filed in a timely fashion. The court finds no error.

---

[2]If the ALJ had actually committed an error in the scope of the evidence that she considered, plaintiff enjoyed a more than adequate opportunity to develop the facts supporting such a claim in the administrative process. He did not do so. Plaintiff simply stated that the ALJ had the "opportunity" to review records alluded to in the May 2013 letter, "but she chose not to do so." (Page ID 331).

**3.**

Plaintiff states that the ALJ committed reversible error by "wrongly relying upon the authority of *Dennard v. Secretary of H.H.S.*, in denying Plaintiff's claim." (Plf. Brief at 17, Statement of Errors, Page ID 1116). Plaintiff argues that the ALJ should not have considered herself bound in any way by the earlier finding regarding plaintiff's RFC for light work because she found a new impairment. (Plf. Brief at 18, Page ID 1117; Reply Brief at 2, Page ID 1145). Administrative *res judicata* stemming from the final administrative decision, dated July 21, 2010 (Page ID 142-51), barred any onset of disability before July 22, 2010.

In the earlier decision, an ALJ found that plaintiff retained the RFC to perform a limited range of light work. (Page ID 146). Under the rule of *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997),[3] and its progeny, the ALJ was required to "adopt and be bound by the finding of the claimant's residual functional capacity or other findings required at a step of the sequential evaluation process." *Caudill v. Commissioner*, 424 F. App'x 510, 514 (6th Cir. 2011); *see Schmiedebusch v. Commissioner*, 536 F. App'x 637, 646 (6th Cir. 2013). The ALJ could not "redetermine the findings of a claimant's residual functional capacity or other issues previously determined in the absence of new and additional material evidence or changed circumstances." *Caudill*, 424 F. App'x at 514.

Here, the ALJ recognized that she was not bound by the earlier decision (Page ID 136), and she took a "fresh look" at all the evidence, including that which had been presented in a timely

---

[3]The ALJ cited the *Drummond* decision several times in her opinion. (*See* Op. at 1, 4, 9, Page ID 67, 70, 75). It is unclear why plaintiff focused on the *Dennard* decision. The only time the ALJ mentioned *Dennard* was in connection with her factual finding that plaintiff was unable to perform any past relevant work. (*Id.* at 10, Page ID 76). Plaintiff is not claiming any error in that favorable finding.

-10-

manner regarding medical care that plaintiff had received after the administrative decision entered July 21, 2010.  (Op. at 7-9, Page ID 73-75).  The ALJ found that the  evidence before her did not warrant any significant change in plaintiff's RFC, but it did warrant additional pulmonary limitations.  (*Id.* at 9, Page ID 75).  The ALJ did not commit error and her  factual finding regarding plaintiff's RFC is supported by substantial evidence.

**4.**

Plaintiff argues that the ALJ made "improper findings' regarding his credibility.  (Plf. Brief at 17, Page ID 1116).  Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  The court does not make its own credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528.  The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard.  This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir.  2012).  "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'").  "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476.  "The ALJ's findings as to a claimant's credibility are entitled to deference,

-11-

because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Plaintiff's arguments attacking the ALJ's credibility finding on the basis of evidence that was never presented to her fail for the reasons previously stated herein.  The ALJ found that the limitations that plaintiff claimed were inconsistent with the objective medical evidence.  (Op. at 9, Page ID 75).  In addition, plaintiff's daily activities were inconsistent with the level of functional restriction that he claimed.  (*Id.*).  It was appropriate for the ALJ to take plaintiff's daily activities into account in making her credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Keeton v. Commissioner*, 583 F. App'x 515, 532 (6th Cir. 2014) ("Although the ability to do household chores is not direct evidence of an ability to do gainful work, an ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.") (citations and quotations omitted).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534.  The ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

### Conclusion

For the reasons set forth herein,  the Commissioner's decision will be affirmed.

Dated: <u>March 31, 2015</u>                          <u>/s/ Robert Holmes Bell</u>
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE